IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS WILSON, | Case No. |
| Plaintiff, | Judge: |
| v. | |
| FTS INTERNATIONAL SERVICES, LLC, formerly known as Frac Tech Services International, LLC, | COMPLAINT |
| Defendant. | |

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES the Plaintiff, through his attorneys, Rothman Gordon, P.C., Ryan P. Stewart, Esquire, and Noah R. Jordan, Esquire, and files the following Complaint, and in support thereof avers as follows:

### I.     PARTIES

1. Plaintiff, Travis Wilson ("Plaintiff" or "Mr. Wilson"), is an individual residing at 1203 East Carson Street, Apartment 2, Pittsburgh, Pennsylvania 15203.

2. Defendant, FTS International Services, LLC, formerly known as Frac Tech Services International, LLC ("Defendant" or "FTS"), is a

corporation organized under the laws of the State of Texas, with its principal place of business at 777 Main Street, Suite 2900, Fort Worth, Texas 76102. Defendant FTS also maintains an office within this judicial district at 1432 PA-519, Eighty Four, Pennsylvania 15330. Defendant FTS is an employer within the meaning of Section 3(d) of the Fair Labor Standards Act ("Act" or "FLSA"), 29 U.S.C. § 203(d).

## II. JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon this Court by Sections 203(s)(1)(A) and 216(b) of the Act, 29 U.S.C. § 203(s)(1)(A) and 216(b), and by the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1337, relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

4. This Court is the proper venue for this action under Section 216(b) of the Act, 29 U.S.C. § 216(b), and by the provisions of 29 U.S.C. § 1391(b), as the actions of the Defendant complained of herein either occurred within this judicial district and/or had their intended effects within this judicial district, and Mr. Wilson performed a substantial amount of his unpaid work for FTS within this judicial district.

## III. INTRODUCTION

5. The above-named Plaintiff, Mr. Wilson, was an employee of Defendant FTS from June 2011 through March 2017.

6. Mr. Wilson brings this action against Defendant FTS to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the provisions of Section 16(b) of the Act, 29 U.S.C. § 216(b).

7. For all relevant periods, Plaintiff was an employee within the meaning of Section 3(e)(1) of the Act, 29 U.S.C. § 203(e)(1).

8. Defendant did not compensate Plaintiff for overtime hours worked at any point during his employment.

9. FTS is an oil field services company that provides fracking services for its clients.

10. FTS's employees routinely use, handle, sell, and/or work on vehicles, pumps, filters, walkie-talkies, telephones, and hand tools. These items were produced for interstate commerce or actually traveled in interstate commerce.

11. FTS's gross annual revenues have exceeded the FLSA's threshold during at least each of the last three years. Accordingly, FTS is covered by the FLSA and has been for each of the last three years.

12. Throughout Mr. Wilson's tenure with FTS, FTS misclassified Mr. Wilson as an exempt employee under Section 13 of the Act, 29 U.S.C. § 213.

13. Mr. Wilson's title with FTS was Field Engineer.

14. While employed by FTS as a field engineer, Mr. Wilson performed the job duties described in this Complaint.

15. Mr. Wilson typically worked for FTS between 70 and 80 hours per week.

16. FTS paid Mr. Wilson a salary that did not account for the hours Mr. Wilson actually worked.

17. FTS was required to pay Mr. Wilson, its non-exempt former employee, overtime under the FLSA.

18. FTS did not pay Mr. Wilson overtime hours for hours he worked in excess of 40 in a workweek.

19. Mr. Wilson was not an engineer in the traditional sense. Instead, Mr. Wilson was assigned by FTS to well sites where he performed non-exempt duties like data entry, monitoring inventory, making sure that the treated sand FTS used to keep fractures open and chemicals were delivered on time, and pump calibrations.

20. As part of his job before a well site became operational, Mr. Wilson did pump calibration. This work was not professional engineering work. For example, in other districts within FTS, the work was done by electronics technicians and equipment operators.

21. Once a well site became operational, a majority of Mr. Wilson's time was spent doing data entry into an FTS-owned computer program. This work in large measure involved Mr. Wilson reading numbers off a screen that provided real time data about pumping operations and entering part of that data via a laptop into the computer program. Mr. Wilson also gathered inventory data which he entered into the computer program. When directed to do so by Mr. Wilson, the program would print a report providing a summary of pumping operations and an invoice. The report and invoice would be provided to the customer and circulated within FTS.

22. Mr. Wilson's job duties also included spending a minor amount of his time physically checking inventory, emailing updates on pumping operations within FTS, and occasionally performing clerical tasks like scanning and sending information when requested by a customer or others.

23. Mr. Wilson's job did not involve managing or supervising the well sites to which he was assigned.

24. Mr. Wilson's job with FTS was not exempt under the executive exemption.

25. Mr. Wilson did not:

   a. Have the primary duty of managing either the enterprise in which he was employed or a customary, recognized department or subdivision thereof;

   b. Customarily and regularly direct the work of other full-time FTS employees; and

   c. Have authority to hire or fire other employees or make suggestions and recommendations that were given particular weight as to the hiring, firing, advancement, promotion, or any other change of status of other employees.

26. Mr. Wilson's job with FTS was not exempt under the administrative exemption.

27. Mr. Wilson did not have the primary duty of performing office or non-manual work directly related to the management or general business operations of FTS or FTS's customers with a primary duty that included the exercise of discretion and independent judgment with respect to matters of significance.

28. Mr. Wilson did not exercise discretion and independent judgment with respect to matters of significance.

29. Mr. Wilson's job with FTS was not exempt under the professional exemption.

30. Mr. Wilson's primary duty was not performing work requiring advanced knowledge in a specialized field of science or learning acquired by prolonged study and requiring the consistent exercise of discretion and independent judgment.

31. As a result of FTS's pay practices, Mr. Wilson was denied overtime pay required by federal law.

32. Despite knowing the FLSA's requirements and that its field engineers, including Mr. Wilson, regularly worked more than 40 hours in a workweek, FTS did not pay Mr. Wilson overtime.

## IV.   STATEMENT OF CLAIMS

## FAIR LABOR STANDARDS ACT

33. Plaintiff hereby incorporates by reference the averments contained in paragraphs 1 through 32 of this Complaint as fully as though herein set forth at length.

34. Defendant FTS has violated Section 7 of the Act, 29 U.S.C. § 207, in that it employed Mr. Wilson at work weeks in excess of 40 hours without compensating him for such employment in excess of 40 hours at the rate of one and one-half times his regular hourly rate at which he should have been employed.

35. As of result of those violations of Section 7 of the Act by FTS, there is now a sum due and owing from Defendant in an amount equal to 1 and ½ times Mr. Wilson's regular rate of pay for each overtime hour Mr. Wilson worked during the last three years.

36. FTS knew, or showed reckless disregard for whether, its failure to pay overtime violated the Act.

37. Defendant's violation of the Act was willful.

38. Defendant owes Mr. Wilson an amount equal to all unpaid overtime wages as well as liquidated damages.

39. It is necessary for Plaintiff to have the services of an attorney to institute and prosecute this action against FTS on Mr. Wilson's behalf.

WHEREFORE, Plaintiff respectfully prays that a Judgment be entered against Defendant, FTS International Services, LLC, formerly known as Frac Tech Services International, LLC:

    (a) For those sums that may be found to be due and owing to Plaintiff;

    (b) For an amount equal as liquidated damages;

    (c) For interest thereon;

    (d) For reasonable attorneys' fees;

    (e) For the costs of this suit; and

    (f)    For such other and further relief as the Court may deem proper and just.

Respectfully submitted,

/s/ Ryan P. Stewart
Ryan P. Stewart, Esquire
Pa. I.D. No. 209185

Noah R. Jordan, Esquire
Pa. I.D. No. 316267

Rothman Gordon, P.C.
310 Grant Street
Third Floor – Grant Building
Pittsburgh, PA  15219
412-338-1150  Direct Phone
412-246-1750  Fax
rpstewart@rothmangordon.com

Attorneys for Plaintiff

ND: 4852-9782-9207, v.  3